## MULDOON et al. v. STERNENBERG et al.

### No. 3640.

Court of Civil Appeals of Texas. Beaumont.

June 20, 1940.

Rehearing Denied Dec. 11, 1940.

H. C. Cunningham, A. M. Huffman, and Strong, Moore & Strong, all of Beaumont, for appellants.

James F. Parker, of Kountze, for appellees.

O'QUINN, Justice.

This is a boundary suit, in form of trespass to try title, by appellees, Mrs. Emma B. Sternenberg et al., against appellants, J. M. Muldoon et al., for title and possession of a tract of land on the west end of the John A. Vickers league in Hardin county, titled in 1835, bounded on the north and south by the original boundary lines of the league, on the east by Beech Creek, and on the west by the E/B line of the Hiram Barber survey. The Barber survey of 1,280 acres was patented in 1870 by field notes that call for its · E/B line to be a common line with the Vickers' W/B line. The old land office map of Hardin county showed no vacancy between the Vickers and the Barber. Appellees owned all of the Vickers west of Beech Creek, and all of the Barber survey.

Appellants owned the George W. Eaton survey, patented on field notes made as of June 8, 1908, and laid upon what appellants claim was a vacancy between the Barber on the west and the Vickers on the east.

The location on the ground of the E/B line of the Barber was established beyond question, and was conceded by appellants. The only point in issue is whether the Vickers extended west to adjoin the Barber survey. The issue was tried to the court without a jury, and found in favor of appellees. Judgment was entered fixing the W/B line of the Vickers as a common line with the established E/B line of the Barber, and in favor of appellees and against appellants for all of that part of the Eaton in conflict with the Vickers. Judgment was for appellants for that part of the Eaton not in conflict with the Vickers. Appellants have duly prosecuted their appeal to this court.

The issue in the lower court was simply one of fact. The Vickers lies immediately west of and adjoining the Nelson, which was also titled in 1835. The N/B line and the S/B line of the Vickers are merely extensions west of the N/B line and S/B line of the Nelson. The field notes of the Nelson and the Vickers call for their N/B line to be north 2,500 varas from their S/B line; this distance in fact was 2,556.7 varas. There was no controversy as to the location on the ground of the N/E corner and S/E corner of the Nelson. Extending west from these corners were two old lines, identified as the N/B line and S/B line of the Nelson, to the points located by the court on the ground as being the N/W corner and S/W corner of the Vickers, and as located and fixed by the court these corners are in the E/B line ·of the Barber. On these old lines were found ·line trees of an age practically with the original lines as located in 1835. The Vickers and the Nelson are parts of a block of league surveys made in 1835 by surveyors Veatch and Brown. A boundary tree of one of these surveys was found and identified as having been marked by surveyor Brown; the mark was practically of the date of 1835. Measurements from this tree located the west boundary line of the Vickers, as fixed by the court in this judgment. Many other facts and circumstances are in the record supporting the court's judgment, but it would serve no useful purpose to bring them forward as a part of our statement. It is sufficient to say that we have carefully examined the record, and the record supports the court's

judgment; the facts given above support the court's judgment. No point of technical boundary law is presented by the appeal.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.